TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Jennifer Tierney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Tierney, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| ARS National Services, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Jennifer Tierney, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Jennifer Tierney (hereafter "Plaintiff"), is an adult individual residing at 5015 W. Kristal Way, Glendale, Arizona 85308, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, ARS National Services, Inc. (hereafter "ARS"), is a company with an address of 960 South Andreasen Drive, Suite B, Escondido, California 92029, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by ARS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      ARS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff allegedly incurred a financial obligation on two separate accounts in the approximate amounts of $1,607.00 and $800.00 (the "Debt") to Capital One (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to ARS for collection, or ARS was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ARS Engages in Harassment and Abusive Tactics

12.     Within the last year, ARS contacted Plaintiff in an attempt to collect the Debt.

13.     During the initial conversation, Plaintiff informed ARS that it was her intention to settle both accounts owed to the Creditor, and inquired as to the combined total of

the Debts. ARS informed Plaintiff that her total obligation was approximately

$1,700.00; however ARS stated that it would accept $900.00 as settlement in full.

14.     Plaintiff specifically asked ARS whether the payment of $900.00 would satisfy

both accounts owed to the Creditor.

15.     Plaintiff was expressly assured by ARS that Plaintiff could pay the amount of

$900.00 to satisfy both accounts and her entire obligation to the Creditor.

16.     Based on the representation by ARS, Plaintiff agreed to make the payment of

$900.00 to satisfy her obligation to the Creditor in full.

17.     ARS sent Plaintiff a letter, offering to settle the total Debt of $1700.90 for a one

time payment of $900.00.

18.     After Plaintiff made the payment to ARS, Plaintiff checked her credit report and

discovered that her $900.00 payment was applied to the smaller Debt of $800.00; the

account status had been changed to "paid in full"; and the Creditor continued

reporting $1607.00 as a charged-off account.

**C. Plaintiff Suffered Actual Damages**

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of

the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the

Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional

distress, fear, frustration and embarrassment.

4

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, *et seq.*

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

25.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

26.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

27.     The Defendants did not apply payments to multiple debts in the order specified by the Plaintiff, in violation of 15 U.S.C. § 1692h.

28.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1

DATED:  July 3, 2013                    LEMBERG & ASSOCIATES, LLC

2

3                                       By:___/s/___Trinette G. Kent_____

4                                       Trinette G. Kent

5                                       Attorney for Plaintiff,
6                                       Jennifer Tierney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28